IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID JORDAN,

      Plaintiff,

   v.             1:11-cv-565-WSD

CITIMORTGAGE, INC.,

       Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant CitiMortgage, Inc.'s ("CitiMortgage" or "Defendant") Motion for Summary Judgment [28] and Plaintiff David Jordan's ("Jordan" or "Plaintiff") Cross-Motion for Summary Judgment [38].

## I. BACKGROUND

This action arises from foreclosure proceedings initiated by Defendant following Plaintiff's default on, and unsuccessful attempts to modify, his mortgage loan secured by Plaintiff's real property.

On July 19, 2002, Plaintiff obtained a loan from Primary Capital Advisors LC ("Primary Capital") in the amount of $329,000 (the "Loan"). Repayment of the Loan was secured by a promissory note (the "Note") and security deed (the "Security Deed") to real property located at 4798 Layfield Drive, Dunwoody, Georgia (the "Property"). (Def's Statement of Material Fact ("DSMF") [28.2]

¶¶ 2-4).  Plaintiff executed the Note and Security Deed in favor of Primary Capital.

The Security Deed states that it

> secures to [Primary Capital]: (i) the repayment of the Loan, and all
> renewals, extensions and modifications of the Note; and (ii) the
> performance of [Plaintiff's] covenants and agreements under this
> Security [Deed] and the Note.  For this purpose, [Plaintiff] does
> hereby grant and convey to [Primary Capital] and [Primary Capital's]
> successors and assigns, with power of sale, the [Property].

(Security Deed at 3).

On March 1, 2004, the Note was assigned to CitiMortgage and CitiMortgage

became Plaintiff's loan servicer.  (DSMF ¶ 11).

In 2005, Plaintiff fell behind on his mortgage payments but continued to

make at least partial mortgage payments until July 2007.  (Id. ¶¶ 16, 19).

On August 17, 2007, Plaintiff filed a voluntary petition for relief under

Chapter 7 of the United States Bankruptcy Code.  (Id. ¶ 17).

On September 10, 2007, CitiMortgage sent Plaintiff's bankruptcy attorney a

letter and agreement for Plaintiff to decide whether to reaffirm his mortgage Loan.

(Pl's Statement of Material Fact ("PSMF") [38.2] ¶¶ 3-4; Jordan Dep. Ex. 24 [31.3

at 12-30]).  The letter provides, in part:

> Your bankruptcy discharge does not eliminate any lien on your
> property.  Even if you do not reaffirm and your personal liability on
> the debt is discharged, because of the lien your creditor may still have
> the right to take the security property if you do not pay the debt or
> default on it.

(Id. at 22).  Plaintiff did not reaffirm his Loan.  (PSMF ¶ 4).

On March 11, 2008, Plaintiff was granted a bankruptcy discharge.  (DSMF ¶ 17).

At some point, Defendant initiated foreclosure proceedings on the Property and Plaintiff contacted Defendant about alternatives to foreclosure, including loan modification.

In March or April 2009, Plaintiff spoke with a CitiMortgage representative who told Plaintiff that, if he timely made four (4) monthly payments of $2,200, he would be enrolled in a new loan.  (PSMF ¶ 6).

In April 2009, Plaintiff entered into a Temporary Repayment Plan (the "TRP") with CitiMortgage, which required Plaintiff to make a monthly payment of $2,200 each month from April through July, 2009.  The TRP states:

> Your request for a temporary repayment plan in connection with your delinquency default on the referenced loan account has been approved.  This is an effort to assist you in bringing your home loan to a current status.  Your account is due for 08/01/07 and subsequent payments in the amount of $45,152.11 plus any additional expenses, including attorney fees and costs the [sic] come due.
>
> Please be advised this payment plan will not bring your account current, but will allow you an opportunity to demonstrate your willingness and ability to make a payment each month.  Upon completion of the payment plan, updated financial information will be required to review your account for further workout assistance.
>
> . . .

> You will continue to receive collection letters, however, as long as you make forbearance payments according to the schedule on this letter. [sic] You may disregard those letters. . . .
>
> . . .
>
> It is agreed that all provisions of the Note and [Security Deed] shall remain in full force and effect. . . .
>
> . . .
>
> It is agreed and understood that the Lender retains all its rights under the [Security Deed] to foreclose on your property if at any time, you fail to comply with the terms of the temporary repayment plan or the terms of the Note and [Security Deed].

(TRP at 1-2).

In April, May, June and July, 2009, Plaintiff made monthly payments of $2,200 to CitiMortgage under the TRP. At the end of the TRP period, CitiMortgage did not request, and Plaintiff did not provide, updated financial information. (DSMF ¶ 32; Pl's Resp. [37.1] to DSMF ¶ 32).

From August 2009 to October 2010, Plaintiff continued to make monthly payments of $2,200 to CitiMortgage. (PSMF ¶ 8).

On November 2, 2010, CitiMortgage sent Plaintiff a letter and returned his most recent $2,200 payment "because it was less than the full amount due to bring [his] account current," and "[u]nless prior arrangements have been made, only the full amount due will be accepted." (Jordan Dep. Ex. 20 [31.3 at 1-2]).

4

On November 24, 2010, CitiMortgage declined Plaintiff's application for a loan modification because the amount of his monthly loan payment did not exceed 31% of his gross monthly income, as required to be eligible for a loan modification.  (Jordan Dep. Ex. 21 [31.3 at 3-6]).

On December 20, 2010, Pendergast & Associates, P.C. ("Pendergast"), on behalf of CitiMortgage, sent Plaintiff a Notice of Foreclosure Sale (the "Notice"), which states that Plaintiff defaulted on his loan obligations and that the Property would be sold at foreclosure on the first Tuesday of February, 2011.  (Jordan Dep. Ex. 22 [31.3 at 7-9]).

On January 21, 2011, Plaintiff filed his Complaint [1.1] in the Superior Court of DeKalb County, Georgia,[1] asserting claims for wrongful foreclosure and intentional infliction of emotional distress ("IIED"), based on his assertions that he "has been making payments pursuant to his agreement with Defendant," and that Defendant breached that agreement by failing to modify Plaintiff's loan after he competed the TRP.  Plaintiff seeks to enjoin foreclosure and to recover compensatory and punitive damages, attorney's fees and costs.

On February 24, 2011, Defendant removed the DeKalb County action to this Court based on diversity jurisdiction.  (Notice of Removal [1]).

---

[1]     No. 11CV1627-4.

On May 6, 2013, Defendant filed its Motion for Summary Judgment.

On June 10, 2013, Plaintiff filed his Cross-Motion for Summary Judgment.

## II.   DISCUSSION

### A.   Legal Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Parties "asserting that a fact cannot be or is genuinely disputed must support that assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1).

The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact. Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999). Once the moving party has met this burden, the non-movant must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial. Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1282 (11th Cir. 1999). Non-moving parties "need not present evidence in a form necessary for admission at trial; however,

[they] may not merely rest on [their] pleadings." Id.

The Court must view all evidence in the light most favorable to the party opposing the motion and must draw all inferences in favor of the non-movant, but only "to the extent supportable by the record." Garczynski v. Bradshaw, 573 F.3d 1158, 1165 (11th Cir. 2009) (quoting Scott v. Harris, 550 U.S. 372, 381 n.8 (2007)). "[C]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury . . . ." Graham, 193 F.3d at 1282. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Herzog, 193 F.3d at 1246. But, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment for the moving party is proper. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

    B.    Analysis

        1.    *Wrongful Foreclosure*

In Georgia, a plaintiff asserting a claim for wrongful foreclosure must establish a legal duty owed to him by the foreclosing party, a breach of that duty, a causal connection between the breach and the injury sustained, and damages. All Fleet Refinishing, Inc. v. West Georgia Nat. Bank, 634 S.E.2d 802, 807 (Ga. Ct. App. 2006 ). "A claim for wrongful exercise of a power of sale under

O.C.G.A. § 23-2-114 can arise when the creditor has no legal right to foreclose."
DeGoyler v. Green Tree Serv., LLC, 662 S.E.2d 141, 147 (Ga. Ct. App. 2008).

Here, Plaintiff claims that foreclosure would be wrongful because, at the time Defendant initiated foreclosure proceedings, he was not in default on his loan obligations, including because the Note "was terminated by his bankruptcy discharge" and because he and Defendant entered into a new loan agreement. Defendant asserts that it is entitled to summary judgment because the undisputed facts show that Plaintiff failed to make the required payments on his Loan, that Defendant retained the right to foreclose on the Property following Plaintiff's bankruptcy discharge, that the debt secured by the Property remains unpaid, and that a new loan agreement does not exist.

> a. The effect of Plaintiff's bankruptcy discharge on CitiMortgage's right to foreclose on the Property

It is axiomatic that a discharge in bankruptcy extinguishes only the personal liability of the debtor, and a creditor's right to foreclose on the property secured by the loan survives or passes through the bankruptcy. See Johnson v. Home State Bank, 501 U.S. 78, 83 (1991) (citing 11 U.S.C. §§ 522(c), 524(a)(1), 727). Thus, while Plaintiff was relieved of his personal liability under the Note, Plaintiff's bankruptcy discharge did not "extinguish" the underlying debt or cure Plaintiff's default on his Loan obligations. As long as the outstanding balance of the debt

secured by the Property remains unpaid, pursuant to the power of sale in the

Security Deed, Defendant is entitled to sell the Property at foreclosure.[2]

                           b.       *Whether the parties formed a new loan agreement*

Plaintiff argues next that foreclosure would be wrongful because he was

current on his payments under an alleged new loan agreement.  Plaintiff asserts

that he and Defendant entered into a new loan agreement because Plaintiff made

the payments required under the TRP, Defendant's representative told Plaintiff that

he would be enrolled in a new loan upon successful completion of the TRP, and

Plaintiff made, and Defendant accepted, fifteen (15) additional monthly payments

after completion of the TRP.

Under Georgia law, "[t]o constitute a valid contract, there must be parties

able to contract, a consideration moving to the contract, the assent of the parties to

---

[2]      This is further supported by the plain language of the Security Deed, which states that it secures "(i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of [Plaintiff's] covenants and agreements under this Security [Deed] and the Note."  (Security Deed at 3). The Security Deed provides that "'Loan' means the debt evidenced by the Note, plus interest, any prepayment charges and law charges due under the Note, and all sums due under this Security [Deed], plus interest."  (Id. at 2).

      The Court notes also that the letter and agreement sent to Plaintiff to reaffirm his Loan states: "Your bankruptcy discharge does not eliminate any lien on your property.  Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it."  (Jordan Dep. Ex. 24 [31.3 at 12-30] at 10).

the terms of the contract, and a subject matter upon which the contract can operate." O.C.G.A. § 13-3-1. "If the parties have not agreed to an essential term, no meeting of the minds of the parties exists, and a valid and binding contract has not been formed." King v. Comfort Living, Inc., 651 S.E.2d 484, 487 (Ga. Ct. App. 2007). In other words, "[a] promise must be sufficiently definite as to both time and subject matter to be enforceable." Id.

The undisputed facts show that Defendant offered Plaintiff a temporary repayment plan "to demonstrate [his] willingness and ability to make a payment each month" by making four (4) monthly payments of $2,200, and that Plaintiff accepted Defendant's offer by making the required four payments. The facts do not support that the parties entered into a new, written loan agreement or that they agreed to modify Plaintiff's mortgage. The TRP states:

> Please be advised this payment plan will not bring your account current . . . . Upon completion of the payment plan, updated financial information will be required to review your account for further workout assistance.
>
> . . .
>
> It is agreed that all provisions of the Note and [Security Deed] shall remain in full force and effect. . . .
>
> . . .
>
> It is agreed and understood that the Lender retains all its rights under the [Security Deed] to foreclose on your property if at any time, you

> fail to comply with the terms of the temporary repayment plan or the
> terms of the Note and [Security Deed].

(TRP at 1-2).  The TRP was not a new loan agreement.  It was an agreement for a

fixed period of time during which Plaintiff agreed to make payments to Defendant

and Defendant agreed not to foreclose on the Property.  At the end of the period

Plaintiff may be eligible for "further workout assistance."

It is undisputed that that agreement was fulfilled—Plaintiff made the four

required payments and Defendant did not foreclose on the Property while the TRP

was in effect.  Plaintiff relies on various verbal assurances by Defendant's

representative that (i) his Loan would be modified, and foreclosure would not

occur, as long as Plaintiff made a $2,200 payment each month, and (ii) oral

statements regarding the parties' interests in the Property, including reinstating or

refinancing Plaintiff's mortgage loan and forbearing from foreclosure proceedings.

These oral agreements, not reduced to writing, are unenforceable under the

Georgia Statute of Frauds.  See O.C.G.A. § 13-5-30; James v. Safari Enters., Inc.,

537 S.E.2d 103, 104 (Ga. Ct. App. 2000); Allen v. Tucker Fed. Bank, 510 S.E.2d

546, 546-47 (Ga. Ct. App. 1998).  Although O.C.G.A. § 13-5-31(3) provides that

"[w]here there has been such part performance of the contract as would render it a

fraud of the party refusing to comply if the court did not compel a performance,"

the oral agreement Plaintiff seeks to enforce—that "the loan would then be

modified, the payment would be at $2,200 a month and everything would be fine"
after completion of the TRP—is not sufficiently certain or definite to be
enforceable, including because it does not specify the principal amount, interest
rate, or duration of the purported new loan agreement.  It is well-settled in Georgia
that "a parol contract sought to be enforced based on part performance must be
certain and definite in all essential particulars."  Lemming v. Morgan, 492 S.E.2d
742, 744 (Ga. Ct. App. 1997); see Johnson v. Oconee State Bank, 487 S.E.2d 369,
371 (Ga. Ct. App. 1997) (agreement to renew loan for additional year "at an
interest rate to be negotiated" not enforceable because "interest payable on a loan
is an essential term of loan agreement"); Reuben v. First Nat'l Bank of Atlanta,
247 S.E.2d 504 (Ga. Ct. App. 1978) (promise to make a loan without specification
of the interest rate or maturity date is not enforceable); Pace v. CitiMortgage, Inc.,
No. 4:12-cv-127, 2013 WL 55825 (M.D. Ga. Jan. 3, 2013) (alleged agreement to
offer permanent modification, without specifying interest rate, monthly payment,
principal and maturity date, upon borrower's successful completion of trial
payment period was not enforceable).

That Plaintiff made, and Defendant accepted, fifteen monthly payments of
$2,200 after expiration of the TRP also does not support the existence of a valid
agreement.  The alleged new loan agreement is "so vague, indefinite and uncertain

as to make it impossible . . . to determine what, if anything, was agreed upon, therefore rendering it impossible to determine whether there had been performance." See Lemming, 492 S.E.2d at 743.  Plaintiff's tender, and Defendant's acceptance of, those additional payments does not constitute "such part performance . . . as would render it a fraud of [Defendant]," because Defendant did not receive an additional benefit in exchange for promising to delay foreclosure and Plaintiff did not suffer a detriment by making the $2,200 payments in exchange for his continued occupancy of the Property following his default.  See Smith Serv. Oil Co., Inc. v. Parker, 549 S.E.2d 485, 487 (Ga. Ct. App. 2001) ("The part performance required to obviate the Statute of Frauds must be substantial and essential to the contract and which results in a benefit to one party and a detriment to the other."); Garden of Eden, Inc. v. Eastern Sav. Bank, 257 S.E.2d 897, 899-900 (Ga. 1979) (payment and acceptance of $600 was not such part performance of purported lease where amount was due as payment of a reasonable sum for tenant's occupancy of premises as tenant-at-will; payment occasioned no loss to tenant and no additional benefit to owner).[3]  To the contrary, the $2,200 payments did not constitute the full amount owed by Plaintiff and to allow Plaintiff to continue in his

---

[3]      The Court notes that 11 U.S.C. § 524(j) permits a creditor holding a security interest in real property that is a debtor's principal residence to seek and obtain periodic payments in lieu of pursuing in rem relief, such as foreclosure.

residence despite his longstanding default was to Defendant's financial detriment.

The facts do not support that the parties agreed to modify Plaintiff's mortgage or that they entered into a new loan agreement. The undisputed facts show that Defendant, as the holder of the Security Deed, is entitled to foreclose on the Property in the event of Plaintiff's default, that Plaintiff defaulted on his Loan payments, that Defendant's right to foreclose on the Property survived Plaintiff's bankruptcy discharge, and that the underlying debt secured by the Property remains unpaid. Defendant is entitled to exercise the power of sale in the Security Deed and foreclose on the Property. Defendant is entitled to summary judgment on Plaintiff's wrongful foreclosure claim.[4, 5]

---

[4]    In his Complaint, Plaintiff also based his wrongful foreclosure claim on his assertion that the Notice of Foreclosure Sale was defective because "the notice does not inform Plaintiff who is the owner of this mortgage." (Compl. ¶ 9). In his Response, Plaintiff "concedes that Defendant is the secured creditor and the proper party to proceed with foreclosure proceedings in the event of default." (Pl's Resp. at 12). Plaintiff has abandoned this ground for relief, see LR 7.1(B) NDGa., and even if he had not, Defendant would be entitled to summary judgment because Georgia law requires only that a foreclosure notice identify the individual or entity with the full authority to negotiate, amend, and modify the terms of Plaintiff's loan. See O.C.G.A. § 44-14-162.2(a); You v. JP Morgan Chase Bank, 743 S.E.2d 428, 433 (Ga. 2013).

[5]    Defendant argues also that it is entitled to summary judgment on Plaintiff's wrongful foreclosure claim because it is undisputed that Defendant has not yet foreclosed on the Property. While a plaintiff seeking damages for wrongful foreclosure must show the property was actually sold at foreclosure, a plaintiff may maintain a cause of action for wrongful foreclosure where he is primarily seeking an injunction to prevent a foreclosure sale from being completed. See Jenkins v.

2.    *Intentional Infliction of Emotional Distress*

Defendant argues that it is entitled to summary judgment on Plaintiff's IIED claim because Defendant's conduct in instituting foreclosure proceedings does not amount to the kind of "extreme and outrageous" conduct sufficient to support a claim for IIED.  In his Response, Plaintiff states that he "withdraws his claim for intentional infliction of emotional distress."  (Pl's Resp. at 12).  Plaintiff thus has

---

McCalla Raymer, LLC, 492 F. App'x 968, 971-972 (11th Cir. 2012) (per curiam); Morgan v. Ocwen Loan Serv., LLC, 795 F. Supp. 2d 1370, 1377 (N.D. Ga. 2011) (collecting cases).  To the extent Plaintiff seeks compensatory damages for wrongful foreclosure in addition to injunctive relief, the foreclosure sale has not been completed and Defendant is entitled to summary judgment on this claim for this additional reason.

Plaintiff, for the first time in his Response, attempts to recast his wrongful foreclosure claim as a claim for attempted wrongful foreclosure.  This claim is not properly before the Court and the Court is not required to consider it.  See Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) ("plaintiff may not amend her complaint through argument in a brief opposing summary judgment.").  Even if Plaintiff asserted a claim for attempted wrongful foreclosure in his Complaint, Defendant would be entitled to summary judgment on that claim because the undisputed facts show that Plaintiff defaulted on his Loan obligations, that only Plaintiff's personal liability for the Loan was discharged in bankruptcy, that the parties did not enter into a new loan agreement, and that the Loan remains unpaid.  Thus, the Notice of Foreclosure Sale, which states that "[t]he indebtedness secured by [the Security Deed has] been declared due and payable because of default on the payment of the indebtedness secured hereby," is not a "publication of untrue and derogatory information concerning [Plaintiff's] financial condition." See Jenkins, 492 F. App'x at 971-972 (quoting Aetna Fin. Co. v. Culpepper, 320 S.E. 228, 232 (Ga. Ct. App. 1984) ("[T]o assert a claim for attempted wrongful foreclosure, a plaintiff must allege 'a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication.'").

15

abandoned this claim and Defendant is thus entitled to summary judgment on Plaintiff's IIED claim.  See Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995) ("In opposing a motion for summary judgment, a party may not rely on his pleadings to avoid judgment against him. . . . Grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned."); Welch v. Delta Air Lines, Inc., 978 F.Supp. 1133, 1137 (N.D. Ga. 1997) ("Plaintiff's failure to respond to Defendant's argument alone entitles Defendant to summary judgment on these claims."); see also LR 7.1(B), NDGa. ("Failure to file a response shall indicate that there is no opposition to the motion.").

### 3.   *Attorney's Fees and Costs*

Having determined that Defendant is entitled to summary judgment on Plaintiff's other claims, Defendant is also entitled to summary judgment on Plaintiff's claim for attorney's fees and costs.  See O.C.G.A. § 13-6-11; D.G. Jenkins Homes, Inc. v. Wood, 582 S.E.2d 478 (Ga. Ct. App. 2003) ("The derivative claims of attorney fees and punitive damages will not lie in the absence of a finding of compensatory damages on an underlying claim."); cf. Fed. R. Civ. P. 54.[6, 7]

---

[6]     Because Defendant is entitled to summary judgment on Plaintiff's claims for wrongful foreclosure and IIED, to the extent Plaintiff asserts separate claims for punitive damages and injunctive relief, Defendant is also entitled to summary

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant CitiMortgage, Inc.'s Motion

for Summary Judgment [28] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff David Jordan's Cross-Motion

for Summary Judgment [38] is **DENIED.**


**SO ORDERED** this 24th day of February, 2014.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

judgment on these claims.  See O.C.G.A. § 51-12-5.1(b); Martin v. Martin,
600 S.E.2d 682, 683 (Ga. Ct. App. 2004) ("Punitive damages cannot be awarded in
the absence of any finding of compensatory damages."); Grizzle v. Kemp, 634
F.3d 1314, 1320 (11th Cir. 2011) (preliminary injunctive relief requires showing of
"a substantial likelihood of success on the merits of the underlying case"); United
States v. Endotec, Inc., 563 F.3d 1187, 1194 (11th Cir. 2009) (permanent
injunction requires actual success on the merits of a claim).
[7]       Because the Court finds that Defendant is entitled to summary judgment in
this action, the Court does not consider Defendant's additional arguments for
denial of Plaintiff's Cross-Motion for Summary Judgment, including that it was
untimely and because Plaintiff did not plead in his Complaint a separate claim for
breach of contract.